Stephanie R. Tatar – State Bar No. 237792
**TATAR LAW FIRM, APC**
3500 West Olive Avenue
Suite 300
Burbank, California 91505
Telephone: (323) 744-1146
Facsimile: (888) 778-5695
Stephanie@thetatarlawfirm.com

*Attorney for Plaintiffs Jacqueline E. Martinez
Jacqueline Martinez and
David Austin*

FILED
11 JUN -6 PM 2:39
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: ___

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE E. MARTINEZ, JACQUELINE MARTINEZ, DAVID AUSTIN<br><br>Plaintiffs,<br><br>v.<br><br>**CONSUMER RECOVERY ASSOCIATES, LLC**<br><br>Defendant. | Civil Action No.<br><br>**EDCV11-0880 VAP SP**<br><br>**COMPLAINT FOR VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**DEMAND FOR JURY TRIAL** |

## PRELIMINARY STATEMENT

1. This is an action for damages brought by individual consumers for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereafter the "FDCPA"), and other common law claims. These laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff David Austin (hereafter "DA") is an adult individual residing at 333 Laguna Avenue, Hemet, California 92543.

5. Plaintiff Jacqueline E. Martinez (hereafter "JEM") is an adult individual residing at 1139 Brianna Avenue, Lancaster, CA 93535.

6. Plaintiff Jacqueline Martinez (hereafter "JM II") is an adult individual residing at 1139 Brianna Avenue, Lancaster, CA 93535. JM II is the mother of JEM.

7. Defendant Consumer Recovery Associates, LLC is a business entity with its principal office located at 2697 International Pkwy, Suite 4-270 Virginia Beach, VA 23452. The principal purpose of Defendant is the collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

## FACTUAL ALLEGATIONS

8. At all pertinent times hereto, Defendant was hired to collect a debt allegedly owed by JM II, for which JEM has no responsibility and a debt owed by "Eva Johnson" for which DA has no responsibility for (hereafter the "debt" or "debts").

9. The debts at issue arise out of alleged transactions which were primarily for personal, family or household purposes.

10. In or around June 2010, Defendant contacted Plaintiff JEM wherein Defendant's representative left JEM multiple voicemails to coerce payment of the debt with the intent to annoy, abuse, or harass.

11. In response to the voicemails left by Defendant, on or about June 7, 2010, JEM contacted Defendant wherein Defendant's representative stated JM II's personal information as the identifying information associated with the debt. JEM advised Defendant's representative that this did not match JEM's identifying information and advised Defendant that this debt belonged to her mother. Defendant's representative then misrepresented that JM II committed fraud against JEM and threatened to press charges against JM II. Defendant's representative further falsely threatened to garnish JEM's wages, report JEM to the IRS, and misrepresented that JEM had 72 hours to make payment or further action would be taken.

12. Notwithstanding the above, in or around June 2010, Defendant contacted JM II to coerce payment of the debt with the intent to annoy, abuse, or harass wherein Defendant's representative misrepresented that JM II committed identity theft against her daughter and falsely accused JM II of committing fraud.

13. Notwithstanding the above, in or around July 2010, Defendant contacted JM II's father and disclosed the debt to coerce payment of the debt with the intent to annoy, abuse, or harass.

14. Notwithstanding the above, Defendant continued to contact JEM multiple times per week throughout the months of July and August 2010 to coerce payment of the debt with the intent to annoy, abuse, or harass such persons contacted.

15. On or about January 17, 2011, Defendant left multiple voicemails for DA in an attempt to collect a debt owed by "Eva Johnson."

16. In response to Defendant's voicemails, DA contacted Defendant and advised that he did not know an "Eva Johnson" and that she could not be reached at his telephone number. Plaintiff further requested that Defendant cease all contact with him.

17. Notwithstanding the above, on or about January 18, 2011, Defendant again contacted DA on two separate occasions in an attempt to collect a debt owed by "Eva Johnson."

18. Notwithstanding the above, on or about January 19, 2011, Defendant again contacted DA in an attempt to collect a debt owed by "Eva Johnson."

19. Defendant acted in a false, deceptive, misleading and unfair manner by communicating with any other person than the debtor for the purpose of acquiring anything other than the location information of the debtor.

20. The Defendant acted in a false, deceptive, misleading and unfair manner by communicating with any person other than the consumer and disclosing the debt to the non-debtor.

21. The Defendant acted in a false, deceptive, misleading and unfair manner when communicating with any person other than the consumer on more than one occasion.

22. The Defendant acted in a false, deceptive, misleading and unfair manner when communicating with any person other than the debtor, without the debtor's consent.

23. Defendant acted in a false, deceptive, misleading and unfair manner by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

24. Defendant acted in a false, deceptive, misleading, and unfair manner by causing a telephone to ring or engaging any person in telephone conversation

repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

25. Defendant acted in a false, deceptive, misleading and unfair manner by falsely representing the amount, character or legal status of the debt.

26. Defendant acted in a false, deceptive, misleading and unfair manner by falsely representing that nonpayment of any debt will result in the seizure, garnishment, attachment or sale of any property or wages unless such action is lawful and the debt collector intends to take such action.

27. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take, for the purpose of coercing Plaintiffs to pay the debt.

28. Defendant acted in a false, deceptive, misleading and unfair manner by falsely representing or implying that the consumer committed any crime or other conduct in order to disgrace the consumer.

29. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

30. Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its agent's actions within compliance of these statutes, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

31. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

32. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless,

negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

33. As a result of Defendant's conduct, Plaintiffs have sustained actual damages, including, but not limited to injury to Plaintiffs' reputation, invasion of privacy, damage to Plaintiffs' credit, out-of-pocket expenses, emotional and mental pain and anguish, embarrassment, humiliation, damage to reputation and pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

## COUNT I – VIOLATIONS OF THE FDCPA

34. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

35. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

36. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

37. The above contacts between Defendant and Plaintiffs were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

38. Defendant violated the FDCPA through its pattern and practice of disclosing debts to third parties and their continued practice of contacting such non-debtors after notice that Defendant had reached a non-debtor in an attempt to coerce payment of said debts. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692b(1), 1692b(2), 1692b(3), 1692c(b), 1692d, 1692d(5), 1692e(2)(A), 1692e(4), 1692e(5), 1692e(7), 1692e(10), and 1692f as evidenced by the following conduct:

(a) communicating with persons other than the debtor about information other than debtor's location;

(b)     Disclosing the debt to persons other than the debtor;

(c)     Communicating with persons other than the debtor on more than one occasion;

(d)     Communicating with persons other than the debtor without the debtor's consent;

(e)     Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt;

(f)     Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number;

(g)     Falsely representing the amount, character or legal status of the debt;

(h)     Falsely representing that nonpayment of any debt will result in the seizure, garnishment, attachment or sale of any property or wages unless such action is lawful and the debt collector intends to take such action;

(i)     Falsely threatening to take legal action that cannot or is not intended to be taken;

(j)     Falsely representing or implying that the consumer committed any crime or other conduct in order to disgrace the consumer; and

(k)     Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect any debt.

39.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiffs' rights under the law and with the purpose of coercing Plaintiffs to pay the alleged debt.

40. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiffs in the sum of Plaintiffs' statutory damages, actual damages and attorney's fees and costs.

## COUNT II – INVASION OF PRIVACY

41. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

42. Defendant's conduct, including but not limited to continuing to contact Plaintiffs in an attempt to collect a debt that they did not owe, despite notice that it was contacting non-debtors, constitutes an invasion of privacy.

43. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiffs that are outlined more fully above and, as a result, Defendant is liable to compensate the Plaintiffs for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

## JURY TRIAL DEMAND

44. Plaintiffs demand trial by jury on all issues so triable.

WHEREFORE, Plaintiffs respectfully pray that relief be granted as follows:

    (a)   Actual damages;
    (b)   Statutory damages;
    (c)   Punitive damages;
    (d)   Costs and reasonable attorneys' fees; and
    (e)   Such other and further relief as may be just and proper.

```
 1                                    Respectfully Submitted,
 2                                    TATAR LAW FIRM, APC
 3
 4
 5                              BY:   _____
 6                                    Stephanie Tatar
 7                                    Attorney for Plaintiffs
 8  DATE: June __3__, 2011
```

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is Sheri Pym.

The case number on all documents filed with the Court should read as follows:

### EDCV11- 880 VAP (SPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [ ] Western Division<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [X] Eastern Division<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
Stephanie R. Tatar (237792)
Tatar Law Firm, APC
3500 West Olive Ave., Suite 300
Burbank, CA 91505

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jacqueline E. Martinez; Jacqueline Martinez; and David Austin <br><br> PLAINTIFF(S) <br> v. <br><br> Consumer Recovery Associates, LLC <br><br> DEFENDANT(S). | CASE NUMBER <br><br> **EDCV11-0880 VAP SP**x <br><br><br> SUMMONS |

TO:  DEFENDANT(S): Consumer Recovery Associates, LLC

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Stephanie R. Tatar_____, whose address is _3500 West Olive Ave., Suite 300, Burbank, CA 91505_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: 6-6-11    By: __CHRISTOPHER POWERS__
                     Deputy Clerk

                     (Seal of the Court)

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

CV-01A (12/07)                SUMMONS

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Jacqueline E. Martinez; Jacqueline Martinez; and David Austin

**DEFENDANTS**
Consumer Recovery Associates, LLC

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Stephanie R. Tatar, Tatar Law Firm, APC
3500 West Olive Avenue, Suite 300
Burbank, CA 91505    (323) 744-1146

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No     ☑ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | |
| ☐ 810 Selective Service | | | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| | | | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☑ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | | | | |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | |

EDCV11-0880

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)    CIVIL COVER SHEET    Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles<br>Riverside | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Virginia |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles<br>Riverside | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____    Date 6-3-11

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |